**The below described is SIGNED.**

**Dated: July 02, 2012**

_____
**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| In re: | Bankruptcy Case No. 10-25818 JTM |
| --- | --- |
| IOSTAR Corporation, a Delaware company, | Chapter 7 |
| Debtor. | |

## MEMORANDUM DECISION

Robert Francis D'Ausilio ("Mr. D'Ausilio") filed a motion to vacate and set aside the order by this Court granting compromise with Xigix Technologies, LLC ("Xigix") and Richard E. Busch ("Busch") as receiver of Xigix,[1] arguing that the order is void for lack of proper notice as required under Fed. R. Bankr. P. 2002(a)(3) and therefore should be vacated under Fed. R. Civ. P. 60(b)(4) and (6). The Court held a hearing on this matter on June 12, 2012. Mr. D'Ausilio appeared pro se, Douglas Payne appeared on behalf of the chapter 7 trustee Gary E. Jubber (the "Trustee"), and Steven Dougherty appeared on behalf of Xigix. After thoroughly reviewing the parties' supporting memoranda and other documents on file, considering the

---

[1] Docket Number 110.

1

testimony of Mr. D'Ausilio and his legal arguments, and conducting an independent review of applicable law, the Court issues the following Memorandum Decision.[2]

## I. JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is appropriate under 28 U.S.C. § 1408. Notice of the hearing on this motion is found to be appropriate and adequate.

## II. BACKGROUND AND FACTS

The background of this matter extends back to before the bankruptcy proceedings. In 2008, Xigix filed suit in the United States District Court for the District of Utah, alleging that the above-captioned debtor IOSTAR Corporation (the "Debtor" or "IOSTAR") had improperly allowed its CEO, Robert F. D'Ausilio, to spend a portion of $500,000 in funds that IOSTAR had received from Wingrove Motor Co. and was supposed to be holding in escrow for Xigix. In October 2008, IOSTAR and Xigix entered into a Joint Stipulated Motion to Deposit Funds with the Court (the "Deposited Funds Motion") pursuant to which IOSTAR deposited $168,629.12 (the "Deposited Funds") with the District Court. Although there was a dispute as to whether the Deposited Funds belonged to Wingrove Motor Co. or Xigix, IOSTAR took the position that the funds did not belong to IOSTAR. Rather, the Deposited Funds Motion stated "IOSTAR believes that the $168,629.12 in remaining funds belong to Wingrove Motor Co. or its affiliates, successors or assigns." Additionally, the Deposited Funds Motion stated that "IOSTAR reserves the right to assert a claim against such funds for its costs of litigation relating to any interpleader

---

[2] The Memorandum Decision shall constitute the Court's findings and conclusions as allowed by Fed. R. Civ. P. 52, incorporated into this proceeding by Fed. R. Bankr. P. 7052.

claims." In December 2009, a state court in Florida appointed Busch as receiver of Xigix's claims against IOSTAR.

On May 3, 2010, Busch, George D. French, and Dr. James R. Stewart filed an involuntary chapter 7 petition against the Debtor. On that date, the officers of the Debtor were Robert F. D'Ausilio and Sylvia D'Ausilio, the parents of Mr. D'Ausilio. The Court entered the Order for Relief on September 10, 2010, and the Trustee was appointed that same day. The Debtor failed to timely file its schedules and a creditor matrix under Fed. R. Bankr. P. 1007. The Trustee filed the Motion to Approve Compromise with Xigix Corporation and Richard Busch as Receiver of Xigix Corporation (the "Motion to Approve the Settlement Agreement") and notice of the hearing on April 8, 2011. The Settlement Agreement granted: a) $40,000 of the Deposited Funds as property of the IOSTAR bankruptcy estate to the Trustee; b) the remainder of the Deposited Funds to Busch as receiver of Xigix; and c) a $40,000 administrative claim in the bankruptcy to Xigix. Mr. D'Ausilio was not listed on the certificate of service to the motion and notice of hearing. There were no objections to the Motion to Approve the Settlement Agreement, and on May 5, 2011, the Court entered the Order Approving Compromise with Xigix Corporation and Richard Busch as Receiver of Xigix Corporation (the "Settlement Order").

Based on a motion to compel filed by the Trustee on March 21, 2011, the Court entered an order on April 15, 2011 designating Sylvia and Robert F. D'Ausilio and Daniel D'Ausilio, brother of Mr. D'Ausilio, as the "debtor" pursuant to Fed. R. Bankr. P. 9001, and compelling them to file schedules and statements pursuant to Fed. R. Bankr. P. 1007. Sylvia D'Ausilio listed Mr. D'Ausilio as an unsecured creditor on Schedule F filed May 17, 2011 and on an Amended Schedule F filed June 10, 2011, but failed to list him on the amended creditor matrix

3

filed June 10, 2011. It does not appear that Mr. D'Ausilio was served with any documents in this bankruptcy case until February 29, 2012, although he testified at the hearing on the Motion that he knew of the case at some time prior to that date.

### III. ANALYSIS

Mr. D'Ausilio asks this Court to vacate the Settlement Order under Fed. R. Civ. P. 60(b). Rule 60(b) "gives the court a grand reservoir of equitable power to do justice in a particular case."[3] However, Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances."[4] The burden is on Mr. D'Ausilio to establish that he is entitled to relief under Rule 60(b).[5] Rule 60(b) has a number of enumerated grounds for relief from a judgment. In this case, Mr. D'Ausilio asks the Court to vacate the Settlement Order pursuant to subsections 60(b)(4) and 60(b)(6). Rule 60(b)(4) allows the Court to relieve parties of a prior judgment if "the judgment is void." Rule 60(b)(6) is a catch-all provision that allows the Court to vacate a prior judgment for "any other reason that justifies relief." It is under these standards that the Court evaluates Mr. D'Ausilio's motion.

Mr. D'Ausilio acknowledged at the hearing that his argument for relief under 60(b)(6) was exactly the same as his 60(b)(4) argument, i.e., that the judgment should be vacated due to a lack of notice of the hearing on the Motion to Approve the Settlement Agreement. The United States Court of Appeals for the Tenth Circuit has stated that "[a] court may not premise Rule 60(b)(6) relief, however, on one of the specific grounds enumerated in clauses (b)(1) through

---

[3] *Pierce v. Cook & Co., Inc.,* 518 F.2d 720, 722 (10th Cir. 1975) (quotation omitted).
[4] *Searles v. Dechant*, 393 F.3d 1126, 1131 (10th Cir. 2004) (quotation omitted).
[5] *Dronsejko v. Thornton*, 632 F.3d 658, 672 (10th Cir. 2011).

(b)(5)."[6] Because Mr. D'Ausilio has presented no unique grounds for his 60(b)(6) argument, this Court will only consider Mr. D'Ausilio's Rule 60(b)(4) argument.

Mr. D'Ausilio contends that the Settlement Order issued by this Court approving the compromise with Xigix Corporation violated his due process rights and is void because he was not given notice as required under Fed. R. Bankr. P. 2002(a)(3). Mr. D'Ausilio further argues that he did not have actual notice of any proceedings in this bankruptcy case until nearly a year after the Settlement Order was issued and consequently his due process rights were violated.

Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[7] The extreme remedy offered by Rule 60(b)(4) provides an "exception to [the] finality"[8] of bankruptcy proceedings, and consequently only applies in limited circumstances. Motions granted under Rule 60(b)(4) are reserved for the "rare instance" when an order by the court is void due to a "fundamental infirmity" in due process, the severity of which requires the court to revisit an order even after it becomes final.[9]

In assessing whether notice was "reasonably calculated" to satisfy the requirements of due process, it is necessary for the court to consider the "practicalities and peculiarities"[10] of each case, including the facts surrounding the notice.[11] The constitutional validity of any noticing method turns on its "reasonableness in the circumstances."[12] Where a party's name and

---

[6] *In re Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996).
[7] *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S 306, 314 (1950).
[8] *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).
[9] *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1377 (2010).
[10] *Mullane*, 339 U.S. at 314.
[11] *In re Schicke*, 97 Fed.Appx. 249, 250 (10th Cir. 2004).
[12] *In re Jewelart, Inc.*, 71 B.R. 968, 972 (Bankr. C.D. Cal. 1987).

address are "reasonably ascertainable"[13] or parties can be "easily informed"[14] by means generally available, actual notice is required.

But actual notice is not required in *every* situation. Where a challenger makes no showing that a better method of notification was available,[15] and the facts demonstrate that the trustee exercised "due regard,"[16] the constitutional requirements of due process are satisfied.[17] This is especially true for situations where an individual interest is part of a class of similar interests.[18] Under such circumstances, "reasonable risks that notice might not actually reach every beneficiary are justifiable" because notice to "most of those interested in objecting is likely to safeguard the interests of all, since any objections sustained would inure to the benefit of all."[19]

In the instant case, the Debtor was uncooperative and delayed by a period of 13 months after the initial bankruptcy filing before filing schedules and a creditor matrix. Further, the Settlement Order was issued by the Court one month before the Debtor filed the untimely required schedules and creditor matrix. At the time that the Trustee filed the Motion to Approve the Settlement Agreement, the Trustee caused the Bankruptcy Noticing Center to notice all parties who were then known to the Court as well as other interested parties of which the Trustee was aware. Although Mr. D'Ausilio was not included on any of these mailing lists, his interest as an unsecured creditor is identical to all other interests within the class of unsecured creditors

---

[13] *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 (1983).
[14] *Mullane*, 339 U.S. at 319.
[15] *In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1260 (10th Cir. 2004).
[16] *Mullane*, 339 U.S. at 314.
[17] *Id.* at 315.
[18] *Id.* at 319.
[19] *Id.*

6

who were properly noticed regarding the Settlement Agreement. As such, Mr. D'Ausilio's individual interest was safeguarded by the other unsecured creditors who did receive notice.

Given the "limited means of the trustee" and the challenging circumstances the Trustee faced at the time of the Motion to Approve the Settlement Agreement, it appears that the notice provided was the "best reasonably available."[20] Considering the evidence, this Court finds that the noticing method of the Trustee was "reasonably calculated" under the circumstances to provide notice to parties in interest and thus was not constitutionally invalid.[21] As such, this Court will defer to the business judgment and noticing method used by the Trustee, and finds that notice was proper under the facts of this case.

Even if there was an error in the notice, Mr. D'Ausilio has made no showing that he was harmed by the entry of the Settlement Order. If the error in failing to notice the party seeking relief is harmless, due process may not require vacating the Court's prior judgment.[22] In his pleadings and at the hearing, the only harm that Mr. D'Ausilio alleged having suffered was that IOSTAR may have a claim against Xigix. The settlement was limited to addressing the disposition of the Deposited Funds being held in escrow from the Utah District Court litigation prior to the bankruptcy. In the Utah District Court litigation, IOSTAR acknowledged that the Deposited Funds did not belong to IOSTAR. The Deposited Funds Motion in that action explicitly stated that "IOSTAR believes that the $168,629.12 in remaining funds belong to Wingrove Motor Co. or its affiliates, successors or assigns." The only reservation to this was that IOSTAR reserved the right "to assert a claim against such funds for its costs of litigation

---

[20] *In re Jewelart, Inc.*, 71 B.R. at 972.
[21] *Mullane*, 339 U.S. at 314.
[22] *See In re Hensley*, 356 B.R. 68, 75 (Bankr. D. Kan. 2006) ("Failure to give notice of [a hearing] . . . in accord with federal and local rules of bankruptcy may require a second hearing or other remedy, but in some circumstances the failure may be harmless and not require that the [order] be set aside.") (citing *Preblich v. Battley*, 181 F.3d 1048, 1051 (9th Cir. 1999)).

relating to any interpleader claims." Consequently, the Trustee was only settling as to funds that IOSTAR had previously acknowledged did not belong to it, with the exception of litigation costs.

Furthermore, if there is a claim that IOSTAR's bankruptcy estate has against Xigix unrelated to the Deposited Funds, there is nothing in the Settlement Order precluding the Trustee from bringing such an action in his business judgment, or from objecting to any claim Xigix has or may file in the bankruptcy. In fact, paragraph 8 of the Settlement Agreement clearly states the opposite: "Nothing in this Agreement shall preclude the Trustee or the IOSTAR Bankruptcy Estate from asserting any claim against Xigix or the Receiver other than claims against the Deposited Funds. Nothing in this Agreement shall preclude the Trustee or the IOSTAR Bankruptcy Estate from objecting to any claim asserted by Xigix or the Receiver in the Bankruptcy Case, including but not limited to any administrative claim asserted by Xigix pursuant to [the Settlement Agreement]." Mr. D'Ausilio has made no claim as to the Deposited Funds. Any other claim IOSTAR's estate may have against Xigix or information he might have regarding the validity of Xigix's potential claims is preserved by the Settlement Order. Mr. D'Ausilio has made no showing of evidence to the contrary. Therefore, even if the failure to notice Mr. D'Ausilio was in error, the error was harmless.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that grounds do not exist to vacate the Settlement Order under Rule 60(b), and Mr. D'Ausilio's motion to vacate is accordingly denied. A separate order will accompany this Memorandum Decision.

-------------------------------------------END OF DOCUMENT-------------------------------------------

_____ooo0ooo_____
**SERVICE LIST**

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Robert Francis D'Ausilio
16354 Grayville Drive
La Mirada, CA 90638

Gary E. Jubber
Douglas J. Payne
FABIAN & CLENDENIN,
A Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
    *Counsel for the Trustee*

Steven W. Dougherty
Anderson & Karrenberg
50 West Broadway
Suite 700
Salt Lake City, UT 84101
    *Counsel for Xigix*

U.S. Trustees Office
Ken Garff Building
405 S. Main Street
Suite 300
Salt Lake City, UT 84111

IOSTAR Corporation
2875 Michelle Drive Ste 100
Irvine, CA 92606

Robert F. D'Ausilio
1924 Maplegrove Way
Bountiful, UT 84010

Sylvia D'Ausilio
1924 Maplegrove Way
Bountiful, UT 84010

Daniel D'Ausilio
1924 Maplegrove Way
Bountiful, UT 84010